# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-1813 CAS |
| ) | |
| DANISHA COMBS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file.  The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases."  Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987).  "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."  Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006).  "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively."  15 James Wm. Moore, et al., Moore's Federal Practice § 102.31 (3d ed. 2013).

The Complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000.  The Complaint alleges that plaintiff Metropolitan Casualty Insurance Company is a Rhode Island corporation with its principal place of business in Rhode Island.  It further alleges that defendant Danisha Combs is a "resident of St. Clair County, State of Illinois."  Complaint at 1.  It also alleges that defendant E & L, LLC is an Illinois limited liability

company with its principal place of business in Illinois.  Id. at 2.  These allegations are insufficient for the Court to determine whether it has diversity jurisdiction over this matter.

Plaintiff apparently assumes that a limited liability company is treated like a corporation and thus is a citizen of its state of organization and its principal place of business.  See 28 U.S.C. §§ 1332(a), (c)(1); Sanders, 823 F.2d at 215 n.1.  That is incorrect.  The Eighth Circuit has held that limited liability companies are citizens of every state of which any member is a citizen.  See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).  Thus, for defendant E & L, LLC, the Court must examine the citizenship of each member of the limited liability company to determine whether diversity jurisdiction exists.  The Complaint contains no allegations concerning the members of E & L, LLC or their citizenship.

The Complaint alleges that the individual defendant Combs resides in Illinois, but does not allege facts concerning her citizenship.  "A complaint that alleges merely residency, rather than citizenship, is insufficient to plead diverse citizenship."  15 Moore's Federal Practice § 102.31; see Sanders, 823 F.2d at 215 n.1.

The Court will grant plaintiff seven (7) days to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties.  If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **September 25, 2013**, plaintiff shall file an amended complaint that alleges facts establishing the citizenship of each defendant.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  18th  day of September, 2013.