UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN CASUALTY <br> INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> DANISHA COMBS, et al., <br><br> Defendants. | No. 4:13-CV-1813 CAS |

## **MEMORANDUM AND ORDER**

This is an insurance declaratory judgment action. Plaintiff Metropolitan Casualty Insurance Company ("Metropolitan") seeks a declaration that it is entitled to recover advance payments and expenses incurred in its investigation, adjustment and evaluation of a loss claim made under a homeowners insurance policy it issued to defendant Danisha Combs ("Combs"), and pursuant to which defendant E & L, LLC ("E & L") has made a claim. Metropolitan asserts that the defendants concealed or misrepresented material facts or circumstances or made material false statements affecting matters related to the insurance or the loss.

The case was filed in federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Metropolitan alleges in its First Amended Complaint ("Complaint") that it is incorporated in and has its principal place of business in Rhode Island, that defendant Combs is a citizen of Illinois, and that defendant E & L is a limited liability corporation with Florida citizenship based on the citizenship of its sole member.

Pending before the Court are several motions: E & L's Amended Motion to Dismiss Pursuant to Federal Rule of Civil Procedure Rule 12 for Lack of Personal Jurisdiction and Improper

Venue (Doc. 16), E & L's Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction and Improper Venue Pursuant to Federal Rules of Civil Procedure Rule 12 (Doc. 22), Metropolitan's Motion to Strike or, Alternatively, Seeking Denial of E & L's Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction and Improper Venue, and Memorandum in Support (Doc. 25), and Metropolitan's Motion for Entry of Default Judgment Against Defendant Combs (Doc. 30).

Although E & L's motion practice has been irregular, suffice it to say that Metropolitan opposes E & L's motions, the time for any responses or replies has passed, and the motions are ready for decision. For the following reasons, the Court finds that it does not have personal jurisdiction over defendant E & L or defendant Combs, and this action will be dismissed.

## I.

As a threshold matter, E & L's unorthodox motion practice has caused unnecessary confusion in the record and multiplied the briefing. E & L's initial response to the Complaint was a Motion to Dismiss For Lack of Personal Jurisdiction and Improper Venue (Doc. 10). Metropolitan opposed the motion and then E & L moved to supplement its motion with an affidavit concerning the citizenship of its sole member. The Court denied the motion to supplement, instructing E & L by docket text order (Doc. 14) that it could either include the affidavit with its reply memorandum or file an amended motion to dismiss. E & L chose the latter course and filed its Amended Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. 16).[1] Metropolitan opposed the amended motion. Rather than file a reply memorandum in support of its amended motion to

---

[1] Ironically, the Affidavit of E & L's sole member, which contains factual assertions intended to establish that the member is a citizen of Illinois rather than Florida, is irrelevant to the personal jurisdiction analysis.

2

dismiss, E & L filed a third Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. 22), without leave of Court and beyond the time that its reply memorandum was due under Local Rule 4.01(C). Metropolitan moves to strike E & L's third motion to dismiss on several grounds.

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. (emphasis added). Motions to strike are not favored and are infrequently granted because they propose a drastic remedy. Stanbury Law Firm, P.A. v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Under the plain language of the Rule, motions to strike are properly directed only to material contained in pleadings. Pleadings are defined to include a complaint and an answer, a reply to a counterclaim, an answer to a cross claim, a third-party complaint; and a third party answer. Fed. R. Civ. P. 7(a). "Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2013).

This Court generally restricts the use of motions to strike to actual pleadings. See, e.g., Khamis v. Board of Regents, Southeast Mo. State Univ., 2010 WL 1936228, at *1 (E.D. Mo. May 13, 2010) (affidavit attached to memorandum in opposition was not a pleading and could not be attacked by a motion to strike); Donnelly v. St. John's Mercy Med. Ctr., 2009 WL 1259364, at **1-2 (E.D. Mo. May 5, 2009) (statement of uncontroverted material facts and response to motion for summary judgment could not be attacked by a motion to strike); Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc., 2008 WL 2518561, at *1 (E.D. Mo. June 19, 2008) (motion to dismiss; same).

3

Metropolitan's motion to strike will be denied because it is directed to a motion to dismiss and not to a pleading. The Court finds it appropriate, however, to construe E & L's third motion to dismiss as an untimely reply memorandum filed without leave of Court, as the motion appears to have been filed in order to address an argument raised in Metropolitan's opposition. The Court will deny leave for the untimely reply memorandum and will not consider it, and will deny the third motion to dismiss as moot.

## II.

The Court rejects Metropolitan's assertion that E & L waived its defenses of personal jurisdiction and improper venue pursuant to Rules 12(g)(2) and 12(h)(1)(A), Fed. R. Civ. P., by amending its motion to dismiss and filing multiple motions to dismiss more than twenty-one days after the Complaint was filed, instead of filing a reply memorandum.

As a leading federal practice treatise explains, Rule 12 includes several provisions designed to prevent a party from using a series of motions as a dilatory tactic. 12 James Wm. Moore, et al., Moore's Federal Practice § 12.20 (3d ed. 2013). When these consolidation and waiver provisions are read together, they "make clear that to avoid waiving most available Rule 12 defenses or objections, a party must raise them in one initial motion or, if none is filed, in the first responsive pleading." Id. Rule 12(g) prohibits any motions filed after an initial Rule 12 motion from raising *omitted* defenses or objections. Id., § 12.21.[2]

Here, E & L filed multiple motions to dismiss in quick succession – obtaining leave of Court for only one amendment – but the initial motion and each subsequent motion raised the same

---

[2]Nonetheless, "[a]lthough not expressly provided for in Rule 12(g), a preliminary motion may be amended to include a defense or objection inadvertently omitted by the movant." 5C Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure § 1389 (3d ed. 2002).

4

defenses of lack of personal jurisdiction and improper venue. E & L has therefore not waived these defenses, and its actions in this case are distinguishable from those of parties who file an additional motion to dismiss raising defenses or objections that could have been raised by an earlier motion but were omitted. See, e.g., Garrett v. Cassity, 2011 WL 3235633 at *3 (E.D. Mo. July 28, 2011) (new arguments contained in second motion to dismiss, that could have been raised in initial motion to dismiss, were waived under Rule 12(g)(2)). Further, contrary to Metropolitan's unsupported assertion, E & L did not waive its personal jurisdiction and venue defenses by addressing in its third motion to dismiss an argument Metropolitan made in opposing the second motion to dismiss.

The Court also rejects Metropolitan's argument that E & L waived its objections to jurisdiction and venue by filing the motion to supplement its original motion to dismiss. Although the Rule 12(b)(2)-(3) defenses may be waived by conduct such as requesting relief that goes beyond challenging the jurisdiction of the court, see TLC Vision (USA) Corp. v. Freeman, 2013 WL 2181267 at *6 (E.D. Mo. May 20, 2013) (citing cases), the Court finds that E & L did not submit to the jurisdiction of this Court by filing a motion for leave to supplement its motion to dismiss for lack of personal jurisdiction and improper venue. Metropolitan has cited no legal authority to support the existence of waiver under these circumstances.

The Court now turns to the merits of E & L's amended motion to dismiss for lack of personal jurisdiction and improper venue.

## III.

E & L moves to dismiss this action for lack of personal jurisdiction, arguing that the Complaint fails to allege facts sufficient to make a prima facie showing of jurisdiction so as to permit this Court's exercise of personal jurisdiction over it. E & L asserts that it has not committed

5

any of the acts listed in the Missouri long-arm statute, § 506.500 Mo. Rev. Stat. (2000), that would subject it to the jurisdiction of this Court or any court in the State of Missouri. E & L also asserts that it lacks minimum contacts with the State of Missouri because it has not purposely availed itself of any of the privileges of conducting activities in the State of Missouri, such that the exercise of jurisdiction would not comport with notions of fair play and justice.

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts 'to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" K-V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 591-92 (8th Cir. 2011) (quoting Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004)). "Although the evidentiary showing required at the prima facie stage is minimal, the showing must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion." Id. (internal citations and quotation marks omitted). The evidence must be viewed in the light most favorable to the plaintiff and all factual conflicts are resolved in its favor in deciding whether the plaintiff made the requisite showing. Id. (citing Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996)).

"Missouri's long-arm statute authorizes personal jurisdiction over defendants who, inter alia, transact business, make a contract, or commit a tort within the state." Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 593 (8th Cir. 2011) (citing Mo. Rev. Stat. § 506.500.1). "In adopting the long-arm statute, the Missouri legislature 'intended to provide for jurisdiction, within the specific categories enumerated in the statutes [e.g., transacting business or making a contract within the state,] to the full extent permitted by the due process clause.'" K-V

6

Pharm. 648 F.3d at 592 (quoting State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner, 677 S.W.2d 325, 327 (Mo. 1984) (en banc)).

In order to satisfy due process, a defendant must have sufficient minimum contacts with the forum state "such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Dever, 380 F.3d at 1073 (quoting Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996)). Minimum contacts for purposes of personal jurisdiction may be evaluated under two theories: general jurisdiction and specific jurisdiction. Id. For general jurisdiction to exist, the defendant must have "continuous and systematic" contacts with the forum state, even if the plaintiff's claims do not arise out of those activities. Id. (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984)). "In contrast, specific jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state." Id. (citing Helicopteros, 466 U.S. at 414). In other words, the cause of action must "'arise out of' or 'relate to' a defendant's activities within a state." Lakin v. Prudential Sec., Inc., 348 F.3d 704, 707 (8th Cir. 2003) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). Both theories of jurisdiction require "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Dever, 380 F.3d at 1073 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

Here, the Complaint alleges that Metropolitan, a Rhode Island corporation with its principal place of business in Rhode Island, is licensed to do business and is authorized to execute and deliver insurance policies in the States of Missouri and Illinois. Metropolitan alleges that it issued a homeowners insurance policy to Combs, an Illinois citizen, for coverage on real property located

in Illinois, and that Combs made a claim under the policy. Metropolitan also alleges that E & L, an Illinois limited liability company whose sole member is a citizen of Florida, has made a claim under the policy. The Complaint contains no factual assertions concerning any contacts with the State of Missouri by either defendant, much less any actions by the defendants that fall within the specific categories listed in the Missouri long-arm statute.

Metropolitan has therefore failed to plead any facts tending to support a reasonable inference that E & L can be subjected to personal jurisdiction within Missouri. See Dever, 380 F.3d at 1072. Although the evidentiary showing required at the prima facie stage is minimal, and the Court views the evidence in the light most favorable to Metropolitan, it finds that Metropolitan has failed to make the required prima facie showing of jurisdictional facts. E & L's motion to dismiss for lack of personal jurisdiction must therefore be granted. As a result, it is not necessary for the Court to address E & L's argument that venue is also improper in this district.

The Court's conclusion is unchanged by Metropolitan's argument that personal jurisdiction exists over E & L pursuant to Rule 4(k)(1)(B), Fed. R. Civ. P. Under this Rule, serving a summons establishes personal jurisdiction over a defendant "who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued." Rule 4(k)(1)(B), Fed. R. Civ. P. Metropolitan contends that "E & L is a necessary party to this suit, based on language contained in [Rule 19(a)(1)]," and therefore personal jurisdiction exists based on service of summons on E & L within 100 miles of the place of issuance. Pl.'s Mem. Opp. at 4.

Metropolitan's argument is not well taken. "As stated by the Rule's unambiguous language, Rule 4(k)(1)(B) applies to parties *joined* under either Rule 14 or 19. [E & L] does not meet this

criteria as [it] was named as an original defendant. Simply stated, [E & L] was not joined under Rule 14 or 19." Moore v. Southern New Hampshire Med. Ctr., 2009 WL 5214879, at *9 (D. Mass. 2009). As the court explained in Roscoe-Ajax Constr. Co. v. Columbia Acoustics & Fireproofing Co., 39 F.R.D. 608, 609 (S.D.N.Y. 1966), "Assuming Columbia is a necessary party, out of state service on a necessary party pursuant to the '100 mile' provision of Rule 4(f))[3] is authorized only where the necessary party is brought in as an *additional* party to a *pending* action. In this case, Columbia is one of two defendants named in the original action, and accordingly the '100 mile' rule does not apply." See also Greenfield Products, Inc. v. Batesville Tool & Die, Inc., 2008 WL 924524 at *2 (S.D. Ohio. Apr.2, 2008) (Rule 4(k) is limited to effectuating service on a party joined under Rule 14 or 19).

In this case, E & L is one of two defendants named in the original action and was not joined pursuant to Rule 19. Consequently, the 100-mile provision of Rule 4(k)(1)(B) is inapplicable and does not provide a means to exercise personal jurisdiction over E & L in this case. E & L's motion to dismiss for lack of personal jurisdiction should therefore be granted, and Metropolitan's claims against it dismissed without prejudice.

**IV.**

Also pending before the Court is Metropolitan's Motion for Entry of Default Judgment against Defendant Danisha Combs. Metropolitan asserts that Combs is in default, that a Clerk's Entry of Default pursuant to Rule 55(a) was issued on December 2, 2013, and that default judgment should be entered in its favor declaring that Combs misrepresented material facts and circumstances

---

[3]As a result of the 1993 amendments to Rule 4, the 100-mile service provision of Rule 4(f) was relocated to Rule 4(k)(1)(B). See Rule 4 Advisory Committee Notes to 1993 Amendments, Subdivision (k); see also 4B Wright & Miller, Federal Practice & Procedure § 1127 (3d ed. 2002)

9

relating to her claim under the homeowners policy and therefore no coverage is provided under the policy.

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)). Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 Moore's Federal Practice § 55.31[1].

The Eighth Circuit recently reaffirmed that following default the factual allegations of a complaint are taken as true, but "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Marshall v. Baggett, 616 F.3d 849, 852 (8th Cir. 2010) (quoting Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010)). As a result, prior to the entry of a discretionary default judgment, this Court must satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the underlying substantive merits of its claim. 10 Moore's Federal Practice § 55.31[2]. As relevant to the instant case, "when a court is considering whether to enter a default judgment, the court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties, and may raise the question of personal jurisdiction sua sponte and dismiss on that ground rather than enter the default." 2 Moore's Federal Practice § 12.31.

As discussed above, Metropolitan's Complaint does not allege facts sufficient to establish a prima facie case of personal jurisdiction against either defendant. The Court therefore concludes that Metropolitan's motion for default judgment against defendant Combs should be denied, and its claims against Combs will be dismissed without prejudice on the Court's own motion for lack of personal jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Metropolitan Casualty Insurance Company's Motion to Strike is **DENIED**. [Doc. 25]

**IT IS FURTHER ORDERED** that defendant E & L, LLC's third Motion to Dismiss, construed as an untimely reply memorandum filed without leave of Court, is **DENIED** as moot. [Doc. 22]

**IT IS FURTHER ORDERED** that defendant E & L, LLC's Amended Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue is **GRANTED**. [Doc. 16]

**IT IS FURTHER ORDERED** that Metropolitan Casualty Insurance Company's Motion for Entry of Default Judgment against Defendant Danisha Combs is **DENIED**. [Doc. 30]

An order of dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __13th__ day of March, 2014.